IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALOUETTE CHEESE USA LLC and BONGRAIN S.A.,**<br><br>　　　　　　**Plaintiffs,**<br>　v.<br><br>**COUTURIER NORTH AMERICA, LLC and COUTURIER NORTH AMERICA, INC.,**<br><br>　　　　　　**Defendants.** | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiffs Alouette Cheese USA LLC. ("AC USA") and Bongrain S.A. ("Bongrain"), by and through their undersigned counsel, bring this action against Defendants Couturier North America, LLC and Couturier North America, Inc. (collectively, "Couturier") for injunctive relief and damages under the laws of the United States and the common law, and in support thereof avers as follows:

### THE PARTIES

1.　　Plaintiff AC USA is a Delaware limited liability company with its principal place of business at 400 South Custer Avenue, New Holland, PA 17557.

2.　　Bongrain is a French corporation with its principal place of business at 42, rue Rieussec, 78223 Viroflay, France.

3.　　Upon information and belief, Defendant Couturier North America, LLC is a Massachusetts limited liability company with its principal place of business at 2986 U.S. Route 9, Hudson, NY 12534.

4. Upon information and belief, Defendant Couturier North America, Inc. is a Rhode Island corporation with its principal place of business at 2986 U.S. Route 9, Hudson, NY 12534.

## JURISDICTION AND VENUE

5. This is an action for infringement of a federally registered trade dress in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; for federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); for trade dress infringement in violation of the common law; and for unfair competition in violation of the common law.

6. This Court has subject matter jurisdiction over the federal claims that relate to trade dress infringement and unfair competition pursuant to 28 U.S.C. §§1331, 1338(a), 1338(b) and 15 U.S.C. § 1121.

7. This Court has supplemental jurisdiction over the common law claims pursuant to 28 U.S.C. § 1367(a), because such claims are so related to claims in the action within the Court's jurisdiction that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. Alternatively, this Court has subject matter jurisdiction over Bongrain's claims pursuant to 28 U.S.C. § 1332(a)(2) because plaintiffs and defendants are a citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

### Plaintiffs' Business and Their Distinctive Trade Dress

10. Bongrain and its subsidiaries are global manufacturers of branded cheese and other dairy products.

11. Since 1989, Bongrain has through its licensees, advertised, marketed and sold CHAVRIE® brand spreadable goat's milk cheese in interstate commerce and has achieved a high level of consumer recognition and acceptance as the leading brand of spreadable goat's milk cheese. In connection with these activities, Bongrain, through its licensees, has used a distinctive product packaging (the "Trade Dress"). A true and correct copy of an exemplar of the Trade Dress is attached hereto as Exhibit A.

12. AC USA is an indirect subsidiary of Bongrain that sells branded cheese and other dairy products throughout North America and the Caribbean. AC USA is the exclusive licensee of the Trade Dress in the United States.

13. Bongrain and its licensees have expended considerable resources and funds advertising and promoting CHAVRIE® brand spreadable goat's milk cheese and the Trade Dress in the United States, and consumers associate the shape and overall appearance of Trade Dress with a single source and a consistently high level of quality.

14. As a result of continual use and promotion by Bongrain and its licensees of the Trade Dress since 1989, the Trade Dress has achieved a high level of customer recognition and acceptance as the trade dress of CHAVRIE® brand spreadable goat's milk cheese.

15. Through its and its licensees' continual use and promotion since 1989, Bongrain owns the common law trade dress rights associated with the Trade Dress.

16. Bongrain also owns a federal registration for the distinctive shape of the Trade Dress (the "Federally Registered Trade Dress"). A true and correct copy of the certificate of Registration No. 2,408,435 issued by the United States Patent and Trademark Office is attached hereto as Exhibit B.

**Couturier's Business and Its Unlawful Conduct**

17. Couturier is in the business of manufacturing natural, processed and imitation cheese products.

18. Upon information and belief, Couturier imports, sells and/or distributes MERCI CHEF brand spreadable goat's milk cheeses in eastern Pennsylvania and throughout the United States, in the same trade channels and to the same target customers as AC USA sells and distributes CHAVRIE® brand spreadable goat's milk cheese.

19. Couturier's product packaging for its MERCI CHEF brand spreadable goat's milk cheeses is strikingly and confusingly similar in appearance to the Trade Dress and the Federally Registered Trade Dress (the "Infringing Trade Dress").  A true and correct copy of one example of the Infringing Trade Dress is attached hereto as Exhibit C.

20. Upon information and belief, Couturier has long been aware of the vast and valuable goodwill and reputation represented and symbolized by the Trade Dress and the fact that the Trade Dress is recognized and relied upon by consumers as identifying Bongrain's high quality CHAVRIE® brand spreadable goat's milk cheese and distinguishes this product from the products of Bongrain's competitors.

21. Upon information and belief, notwithstanding this awareness, and in fact by reason thereof, Couturier is attempting to misappropriate and capitalize upon consumers' favorable and widespread recognition of Trade Dress and Federally Registered Trade Dress by adopting the Infringing Trade Dress as its new product packaging.

22. Couturier's use of the Infringing Trade Dress is likely to cause confusion or mistake or deceive consumers into thinking that Couturier's MERCI CHEF brand spreadable

goat's milk cheeses is authorized by, or affiliated, connected or otherwise associated with AC USA or Bongrain.

23. Neither AC USA nor Bongrain consented to Couturier's creation and design of the Infringing Trade Dress for the MERCI CHEF brand spreadable goat's milk cheeses.

## COUNT I

### INFRINGEMENT OF FEDERALLY REGISTERED TRADE DRESS

24. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 23 of this Complaint.

25. Couturier has, without the informed consent of AC USA or Bongrain, used in commerce trade dress that is confusingly similar to the Federally Registered Trade Dress in connection with the sale, offering for sale, distribution and/or advertising of goods and such use is likely to cause confusion or to cause mistake or to deceive.

26. The aforesaid acts of Couturier constitute trade dress infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27. The aforesaid acts of Couturier have been intentional, willful and in bad faith.

28. The acts of Couturier complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

29. Plaintiffs have no adequate remedy at law and are entitled to and seek injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT II

### FEDERAL UNFAIR COMPETITION

30. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

31. The aforesaid acts of Couturier constitute the use of words, terms, names, symbols and devices and combinations thereof, false designations of origin and false and misleading representations of fact that are likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Couturier with AC USA and/or Bongrain as to the origin, sponsorship or approval of Couturier's goods or other commercial activities of Couturier.

32. The aforesaid acts of Couturier constitute the use of words, terms, names, symbols and devices and combinations thereof, false designations of origin and false and misleading representations of fact that in commercial advertising or promotion misrepresent the nature, characteristics or qualities of Couturier's goods or other commercial activities.

33. The aforesaid acts of Couturier constitute false designation of origin and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Couturier's use of the Infringing Trade Dress is without the consent of AC USA or Bongrain.

35. The aforesaid acts of Couturier have been intentional, willful and in bad faith.

36. The acts of Couturier complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

37. Plaintiffs have no adequate remedy at law and are entitled to and seek injunctive relief as a result thereof pursuant to 15 U.S.C. § 1116.

## COUNT III

### COMMON LAW TRADE DRESS INFRINGEMENT

38. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 37 of this Complaint.

39. The aforesaid acts of Couturier constitute trade dress infringement in violation of common law.

40. The acts of Couturier complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

41. Plaintiffs have no adequate remedy at law and are entitled to and seek injunctive relief as a result thereof.

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

42. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 41 of this Complaint.

43. The aforesaid acts of Couturier constitute unfair competition in violation of common law.

44. The acts of Couturier complained of herein have caused and, unless enjoined by this Court, are likely to continue to cause Plaintiffs to suffer irreparable harm.

45. Plaintiffs have no adequate remedy at law and are entitled to and seek injunctive relief as a result thereof.

**WHEREFORE**, Plaintiffs request that judgment be entered in their favor and against Defendant Couturier as follows:

1. Preliminarily and permanently enjoining and restraining Couturier, its officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from exploiting, manufacturing, importing, exporting, advertising, offering for sale, selling, distributing, moving, shipping, sampling, or promoting any products, including but not limited to its MERCI CHEF spreadable goat's milk cheeses, in any product packaging that is confusingly similar to, or a colorable imitation of the Federally Registered Trade Dress, including but not limited to the Infringing Trade Dress;

2. Preliminarily and permanently enjoining and restraining Couturier, its officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from exploiting, manufacturing, importing, exporting, advertising, offering for sale, selling, distributing, moving, shipping, sampling, or promoting any products, including but not limited to its MERCI CHEF brand spreadable goat's milk cheeses, in any product packaging that is confusingly similar to, or a colorable imitation of the Trade Dress, including but not limited to the Infringing Trade Dress;

3. Preliminarily and permanently enjoining and restraining Couturier, its officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from representing by any means whatsoever, directly or indirectly, or doing any other acts or things calculated or likely to cause confusion, or to cause to mistake, or to deceive as to the affiliation, connection, or association of Couturier with AC USA or Bongrain, or as to the origin, sponsorship, or approval of Couturier's spreadable goat's milk cheeses by AC USA or Bongrain and from otherwise unfairly competing with AC USA or Bongrain;

4. Ordering that Couturier recall from any and all channels of trade any and all Infringing Trade Dress, advertising and promotional materials featuring the Infringing Trade Dress and other infringing matter, and to take affirmative steps to dispel any false suggestion of a connection with AC USA or Bongrain by virtue of its infringing activities and unfair competition, including but not limited to, all necessary and appropriate corrective advertising measures;

5. Ordering that, immediately following the entry of a judgment in Plaintiffs' favor, Couturier, its officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them be required to deliver to Plaintiffs or, at Plaintiffs' option, destroy and certify the destruction of any and all product packaging that is confusingly similar to, or a colorable imitation of, the Trade Dress, such delivery or destruction to be made at Couturier's expense;

6. Directing Couturier to file with this Court and to serve upon Plaintiffs within thirty (30) days after service upon Couturier of this Court's injunction issued in this action, a written report by Couturier under oath setting forth in detail the manner in which Couturier has complied with this injunction;

7. Ordering an accounting by Couturier to establish the profits that Couturier has wrongfully earned through the use of the Infringing Trade Dress;

8. Finding this to be an exceptional case and awarding reasonable attorneys' fees and costs to Plaintiffs;

9. Awarding any and all damages allowable by law against Couturier, including but not limited to (a) monetary damages sustained by Plaintiffs, (b) Couturier's profits related to the

use of the trade dress of Plaintiffs, (c) treble damages, (d) a multiple of Couturier's profits, (e) costs and prejudgment interest, (f) attorneys' fees, and (g) punitive damages;

10. Any and all such other and further relief as this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby make demand for a trial by jury on all issues triable to a jury.

Respectfully submitted,

Dated: February 10, 2015

J. Kevin Fee (Attorney I.D. 81715)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.739.3000
Facsimile: 202.739.3001
ATTORNEYS FOR PLAINTIFFS